UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:21-CR-00104-04** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **TRAVIS DISHUN LITTLE (04)** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Pending before the Court is Defendant Travis Dishun Little's ("Defendant" or "Little") *pro se* Motion for a Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. No. 171]. The Government filed a Response in Opposition to the Defendant's Motion for Reduction in Sentence [Doc. No. 174].

For the following reasons, Defendant's Motion is **DENIED**.

### I.    FACTUAL AND PROCEDURAL HISTORY

On April 28, 2021, Little was indicted with one count of conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A) ("Count One"); and one count of distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2 ("Count Two").[1]

Beginning in October 2018 and continuing until on or about March 15, 2020, Little conspired with John Henry Butler, Jr. ("Butler"), Darryl Andrea Williams ("Williams"), Jeremy Michael Davis ("Davis"), and other persons to possess with the intent to distribute at least 50 grams of methamphetamine, which is a Schedule II controlled substance.[2] Butler, the primary supplier, used couriers to send approximately 1 to 1.5 kilograms of methamphetamine at a time

---

[1] [Doc. No. 1, p. 1-2].
[2] [Doc. No. 98-2, p. 1].

1

to the Monroe, Louisiana area.[3] Williams would pick up the methamphetamine and deliver it to Davis.[4] Davis would break up the methamphetamine and instruct Williams on where to deliver it.[5] Little received methamphetamine from Davis for distribution.[6]

During the investigation, a confidential source purchased numerous controlled purchases from Williams.[7] On April 5, 2019, an undercover officer purchased methamphetamine from Williams.[8] Little supplied the methamphetamine for that transaction and collected money from Williams after the transaction.[9] The methamphetamine purchased from Williams was tested and confirmed to be 25.7 grams of actual methamphetamine.[10] On September 6, 2019, agents again purchased methamphetamine from Williams.[11] Little supplied the methamphetamine for this transaction.[12] This methamphetamine was tested and confirmed to be 45.287 grams of actual methamphetamine.[13]

On January 13, 2022, Little pled guilty to Count One.[14] On March 15, 2022, this Court sentenced Little to 144 months imprisonment followed by five years of supervised release for Count One.[15] Pursuant to the plea agreement, the Government moved to dismiss Count Two of the Indictment.[16] Little did not appeal.[17]

---

[3] [*Id.*].
[4] [*Id.*].
[5] [[*Id.*, p. 1-2].
[6] [[*Id.*, p. 2].
[7] [*Id.*].
[8] [*Id.*].
[9] [*Id.*].
[10] [*Id.*].
[11] [*Id.*].
[12] [*Id.*].
[13] [*Id.*].
[14] [Doc. No. 94].
[15] [Doc. No. 124].
[16] [*Id.*].
[17] [Doc. No. 127].

On February 13, 2024, Little filed the instant Motion for a Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A).[18]

The issues are briefed, and the Court is prepared to rule.

## II. LEGAL STANDARD

A motion for reduction of sentence is commonly referred to as a motion for compassionate release under the First Step Act. *United States v. Gonzales*, 850 Fed.Appx. 309 (5th Cir. 2021). "[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010) (cleaned up). Consistent with that principle of finality, 18 U.S.C. § 3582(c) provides that a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Under § 3582(c)(1)(A), a court may reduce a term of imprisonment upon finding "extraordinary and compelling circumstances," consistent with applicable guideline policy statements. Under the statute as amended by the First Step Act of 2018 ("FSA"), the Court may act "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

## III. ANALYSIS

---

[18] [Doc. No. 171].

Little satisfied the procedural requirements for bringing a motion under 18 U.S.C. § 3582(c)(1)(A).[19] Therefore, at issue in this Motion is whether Little has presented a valid claim for sentence reduction. Little argues a sentence reduction is warranted for several reasons, namely that (1) the methamphetamine guidelines are based on an antiquated and obsolete purity distinction, (2) the harsh conditions created by COVID-19 made his incarceration harsher than normal, (3) he has undertaken rehabilitation efforts, (4) the harsh conditions denied him of programming opportunities to reduce his sentence, (5) he has strong family and community support, and (6) the 18 U.S.C. § 3553(a) factors counsel a sentence reduction.[20] In opposition, the Government asserts that 18 U.S.C § 3582(c)(1)(A) is not the proper vehicle for his guideline claim.[21] Additionally, the Government contends that Little's proffered reasons are not extraordinary and compelling and that the § 3553(a) factors independently preclude relief.[22]

### a. Claims under Section 3582(c)(1)(A)

Little's Motion does not present an extraordinary and compelling reason warranting a sentence reduction. Section 3582(c)(1)(A) provides that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The specific policy statement referencing § 3582(c)(1)(A) is U.S.S.G. § 1B1.13, which provides that "[u]pon motion of the Director of the Bureau of Prisons or the defendant,"[23] a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that "extraordinary and compelling reasons warrant the reduction"; "the defendant is not a danger to

---

[19] [Doc. No. 171-1, p. 2].
[20] [Doc. No. 171, p. 9-10].
[21] [Doc. No. 174, p. 1].
[22] [Doc. No. 174, p. 1-2].
[23] Little argues that the policy statement in U.S.S.G. § 1B1.13 is not binding, but he relies on caselaw that precedes a revision to the guideline. This policy statement currently applies to motions filed by the BOP *and* the defendant, so it is binding on this Court when considering Little's Motion.

the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (2) and (3).

Extraordinary means "beyond or out of the common order," "remarkable," and synonymous with "singular." *United States v. Escajeda*, 58 F.4th 184, 186 (5th. Cir. 2023). The Fifth Circuit noted, "these terms explain why prisoners can seek relief under Section 3582(c)(1) only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." *Id*. (citing *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020)). The policy statement makes no mention of any alleged legal errors that may be challenged via direct appeal, and the Fifth Circuit has held that "a prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence; such arguments can, and hence *must*, be raised under Chapter 153." *Escajeda,* 58 F.4th at. 187.

Here, Little urges the sentencing disparity between actual methamphetamine and a mixture containing methamphetamine is antiquated and arbitrary and thus constitutes an extraordinary and compelling reason for reducing his sentence. Little attempts to frame this argument so that it fits under 18 U.S.C. § 3582(c)(1). However, this argument would be more aptly characterized as a challenge to the legality or duration of his sentence. Little is challenging the sentencing guidelines and how it distinguishes between different level of methamphetamine purity. This distinction increased the duration of his sentence. Accordingly, Little's policy-based argument here falls within the province of a direct appeal of a § 2255 motion and should not be raised under 18 U.S.C. § 3582(c)(1). *See United States v. Hanks*, No. 1:16-CR-17-HSO-JCG-2, 2023 WL 6133441, *3 (S.D. Miss. Sept. 19, 2023) (finding that consideration of the methamphetamine purity distinction was inappropriate for a motion for compassionate release

because "[s]entencing is the more appropriate stage to consider such policy disagreements with the Sentencing Guidelines").

Even assuming that Little's claim could be raised under 18 U.S.C. § 3582(c)(1), the Court alternatively finds that the guideline's purity distinction does not constitute an extraordinary and compelling reason for a sentence reduction. The law has not changed, and Little's sentence would be the same today under those guidelines. Further, the application of this guideline to Little was foreseeable at the time of sentencing. In other words, the guidelines distinction is not some extraordinarily severe exigency, was not unforeseeable when Little was sentenced, and is not something unique to Little.

Accordingly, the guidelines distinction does not present an extraordinary and compelling reason for relief. *See United States v. Hall*, No. CR 19-00394-01, 2023 WL 3366547, *3 (W.D. La. May 10, 2023) (finding that the defendant's "argument based on the methamphetamine-related sentencing guidelines simply do not present extraordinarily severe exigency; it was foreseeable at the time of sentencing; and it is not unique to Hall").

Nor are any of Little's other proffered reasons extraordinary and compelling. U.S.S.G. § 1B1.13 articulates several extraordinary and compelling reasons, including medical circumstances of the defendant, age of the defendant, family circumstances of the defendant, suffering abuse while in custody, and other reasons that are similar in gravity to the enumerated reasons. Defendant's proffered reasons do not fall in these categories, and they are not similar in gravity to the enumerated reasons. Little argues that the extreme conditions created by COVID-19, his rehabilitation efforts, his inability to participate in various programs, and strong family and community support are extraordinary and compelling reasons warranting a sentence reduction. Little concedes that none of his reasons alone are weighty enough for a sentence

6

reduction but rather contends that, when considered together, the reasons warrant a sentence reduction. The Court does not agree.

While COVID-19 did result in lockdowns and restrictions that made incarceration more difficult, this difficulty was not unique to Little. Little asserts that COVID-19 threatens his health, but he has not presented any medical or other records suggesting that it presents a danger that is unique to him alone or that he is suffering from some physical or mental condition that is exacerbated by COVID-19. Similarly, Little has not demonstrated that he was uniquely denied access to educational programs because of the pandemic and staffing shortages. These conditions likely applied equally to all prisoners at FCI Edgefield. As for rehabilitation, Little has argued that he has taken classes and followed the rules, but nothing about this behavior is extraordinary and/or compelling. Finally, while Little indicated he has community support, this mere fact that he has community support does not suggest an extraordinary and compelling reason that warrants reducing his sentence.

In sum, there is nothing so unique or particular to Little as to constitute an extraordinary or compelling reason. The reasons likewise do not demonstrate some extraordinarily severe exigency. The proffered reasons, considered individually and cumulatively, simply do not warrant a sentence reduction. Little has failed to satisfy the test; therefore, he does not qualify for a sentence reduction.

### b. Section 3553 factors

Finally, Defendant has not demonstrated that release or reduction is appropriate in light of the Section 3553(a) factors, and these factors independently preclude a sentence reduction. These factors are the nature and circumstances of the offense and the history and characteristics of the defendant, deterring future criminal conduct, protecting the public from further crimes,

and providing the defendant with needed education or vocational training, medical care, or other treatment in an effective manner. 18 U.S.C. § 3553(a).

Little contends that 18 U.S.C. § 3553(a) counsels a reduction of his sentence because the broader picture of his personal history demonstrates he was impacted by the War on Drugs, he can be safely transplanted back into the community, he has significant family support, and he has participated in various programs. However, the Government points to the Defendant's extensive criminal history and his personal characteristics. The Court finds that the 18 U.S.C. § 3553(a) factors counsel weigh against Little's request for a sentence reduction.

Little argues that the social impact of the War on Drugs should be considered when examining his criminal history. However, Little had a Category VI criminal history, which is the highest category. This criminal history spans Little's adult life, and his conviction for Count One was his fifth felony conviction. Little has multiple drug felonies, and Little committed this offense while he was on supervision for a separate drug trafficking crime. Even considering Little's difficult childhood, this extensive criminal history weighs against a sentence reduction. Likewise, the nature of Little's conspiracy and the amount of methamphetamine involved weighs against a sentence reduction.[24] Additionally, based on the repeated nature of Little's criminal offenses and his multiple revocations while under supervision, reducing Little's sentence here would not deter future criminal conduct nor would it protect the public from further crimes. The behavior of the Defendant in this case is similar to *United States v. Huckle*, 839 F.App'x 940, 941 (5th Cir. 2021), where the court denied a compassionate release motion because the defendant had committed a serious offence, had a fairly lengthy criminal history and denial was

---

[24] The Court notes that Little himself has stated that "there cannot be any debate as to whether the Defendant's crime was serious." [Doc. No. 171, p. 25]. Little also noted that his "criminal background should be weighed heavily." [*Id*., p. 26].

8

necessary to protect the public from future crimes. Accordingly, the Court finds that the 3553(a) factors counsel against a reduction of Little's sentence.

### IV. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that Defendant Travis Dishun Little's *pro se* Motion for a Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. No. 171] is **DENIED**.

MONROE, LOUISIANA, this 11th day of April 2024.

_____
Terry A. Doughty
United States District Judge